IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LEONARD QUINN,

    Plaintiff,

        vs.                No.: 1:15-cv-01103-JDT-egb

WESTERN MENTAL HEALTH HOSPITAL
ATTORNEY,

    Defendant.

## REPORT AND RECOMMENDATION

On May 4, 2015, Plaintiff Leonard Quinn, a *pro se* litigant who at the time was a patient at the Western Mental Health Institute[1], filed a 42 USC § 1983 complaint against the Western Mental Health Hospital Attorney alleging *inter alia,* that his mail was regularly opened and that the Attorney stole $50 that was being sent to an attorney for a retaining fee.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)       is frivolous or malicious;

---

[1] On February 8, 2016, the Plaintiff notified the Court of a change of address.

(ii)     fails to state a claim on which relief may be granted; or

   (iii)    seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice'

2

of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should

3

therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

ANALYSIS

Plaintiff is no longer a patient at the Western Mental Health Institute. Additionally, Plaintiff does not state a claim upon which relief can be granted under 42 USC § 1983.

Plaintiff's claim that his values were stolen or confiscated and not returned is a property deprivation claim, which is not cognizable under 42 U.S.C. 1983. Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917, 68 L. Ed.2d 420 (1981)[2]; Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995).

Claims for deprivation of property without due process are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. Zinermon 494 U.S. at 132, 110 S. Ct. at 987. See also Hudson v. Palmer, 468 U.S. 517, 535-36, 104 S. Ct. 3194, 3204-05 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917, 68 L. Ed.2d 420 (1981)[3]; Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). Plaintiff has the right to contest and seek judicial review of that proceeding in the state forum. State law remedies clearly satisfy plaintiff's due process rights.

For the reasons above, it is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction,

---

[2] Parratt was overruled on other grounds not relevant here in Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664-65, 88 L. Ed.2d 662 (1986).

[3] Parratt was overruled on other grounds not relevant here in Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664-65, 88 L. Ed.2d 662 (1986).

pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

 Respectfully submitted this, the 9th day of March, 2016.

          **s/Edward G. Bryant**
          UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.